[J-62-2017] [MO: Todd]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| BILLIE WASHINGTON, TINA SMITH, OPAL GIBSON, PENNSYLVANIA MENTAL HEALTH CONSUMERS' ASSOCIATION, MENTAL HEALTH ASSOCIATION IN PENNSYLVANIA, MENTAL HEALTH ASSOCIATION OF SOUTHEASTERN PENNSYLVANIA, THE PHILADELPHIA ALLIANCE, DRUG AND ALCOHOL SERVICE PROVIDERS ORGANIZATION OF PENNSYLVANIA, PENNSYLVANIA COMMUNITY PROVIDERS ASSOCIATION, SUCCESS AGAINST ALL ODDS | : : : : : : : : : : : : : : : | No. 50 MAP 2016<br><br>Appeal from the Order of the Commonwealth Court at No. 602 MD 2012 dated March 28, 2016 and exited March 29, 2016.<br><br>ARGUED: September 13, 2017 |
| v. | : : : : | |
| THE DEPARTMENT OF PUBLIC WELFARE OF THE COMMONWEALTH OF PENNSYLVANIA | : : : : : : : | |
| APPEAL OF: BILLIE WASHINGTON, TINA SMITH, OPAL GIBSON, PENNSYLVANIA MENTAL HEALTH CONSUMERS' ASSOCIATION, MENTAL HEALTH ASSOCIATION IN PENNSYLVANIA, MENTAL HEALTH ASSOCIATION OF SOUTHEASTERN PENNSYLVANIA, THE PHILADELPHIA ALLIANCE, DRUG AND ALCOHOL SERVICE PROVIDERS ORGANIZATION OF PENNSYLVANIA, SUCCESS AGAINST ALL ODDS | : : : : : : : : : : : : : : | |

## CONCURRING OPINION

**JUSTICE BAER**                                                 **DECIDED: July 18, 2018**

I concur in the result of the Majority Opinion holding Act 80 of 2012 unconstitutional. Nevertheless, I am unable to join the rationale to the extent it is based solely on a violation of Article III, Section 4's requirement that "[e]very bill shall be considered on three different days in each House."[1] PA. CONST. ART. III, § 4. Instead, I would conclude that the Act violates Section 4 to the extent it also violates Article III, Section 3's requirement that "[n]o bill shall be passed containing more than one subject."[2] PA. CONST. ART. III, § 3. By basing its holding of unconstitutionality solely on a violation of Section 4's "three different days" requirement, I am concerned that the Majority unnecessarily expands this Court's jurisprudence to infringe upon our General Assembly's authority to enact legislation.

---

[1] In full, Section 4, entitled "Consideration of bills," provides as follows:

> Every bill shall be considered on three different days in each House. All amendments made thereto shall be printed for the use of the members before the final vote is taken on the bill and before the final vote is taken, upon written request addressed to the presiding officer of either House by at least twenty-five per cent of the members elected to that House, any bill shall be read at length in that House. No bill shall become a law, unless on its final passage the vote is taken by yeas and nays, the names of the persons voting for and against it are entered on the journal, and a majority of the members elected to each House is recorded thereon as voting in its favor.

PA. CONST. ART. III, § 4.

[2] In full, Section 3, entitled "Form of bills," provides, "No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof." PA. CONST. ART. III, § 3.

As fully explained by the Majority, Section 4 was amended by the voters of this Commonwealth in 1967 to remove the requirement that "[e]very bill shall be read at length on three different days in each House" and replaced it with the mandate that the bill merely be "considered on three different days." PA. CONST. ART. III, § 4 (1874), (1968). Moreover, the 1967 revision maintained the prior distinction between bills, which must be considered on three different days, and amendments, which are addressed in a separate sentence that requires that amendments "be printed for the use of the members before the final vote is taken on the bill." *Id.* My colleagues recognize that the import of the 1967 alteration was to ensure that the bill be considered three times but not require the onerous process of reading the often-lengthy bills in full three times. Maj. Slip Op. at 16-17. The Majority additionally acknowledges that Section 4 allows for the legislative process of amendments to improve the bill without restarting the "three different days" requirement. Maj. Slip Op. at 23.

The difficult question, therefore, is when a court should deem a change in the legislation to constitute an amendment, which does not require consideration on three different days, and when it is new legislation necessitating three separate considerations. This Court has addressed this delicate question in the past by finding violations of Section 4 only in conjunction with violations of either Section 1, which requires the original purpose of the bill to be the same throughout its passage through either house,[3] or Section 3, which, as noted, demands that the bill address a single subject. *See Stilp v. Commonwealth*, 905 A.2d 918, 959 (Pa. 2006) ("Accordingly, because [the challengers] have failed to establish a violation of Article III, Section 1 or 3, and because the bill was read on three different occasions, [the challengers] have failed to establish an Article III,

---

[3] In full, Section 1, entitled "Passage of laws," provides "No law shall be passed except by bill, and no bill shall be so altered or amended, on its passage through either House, as to change its original purpose." PA. CONST. ART. III, § 1.

Section 4 violation."); *Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth*, 877 A.2d 383, 410 (Pa. 2005) (requiring that petitioners "must necessarily establish that Article III, Section 1 or 3 had been violated" to demonstrate a violation of Section 4).[4]

The policy requiring a violation of Section 4 only in conjunction with a violation of the single subject or original purpose requirements provides logical guidance to both the courts and the legislature in determining whether a change to a bill is merely an amendment or whether it is in actuality a new bill addressing a different purpose or subject from the original bill. Where an amendment is the same subject and the same purpose, caselaw has delineated it an amendment rather than new legislation. *Id.*

The Majority Opinion, however, does not address this Court's historical reticence to strike legislation based solely upon an infringement of Section 4, despite the issue being directly addressed by Appellees. Appellee Brief at 23 (observing that "a violation of Section 4 cannot be established without a corresponding violation of Section 1 or Section 3"). Accordingly, I distance myself from the Majority's rationale to the extent it is based on Section 4 alone.

---

[4] The Commonwealth Court has likewise required a violation of Sections 1 or 3 prior to finding a Section 4 violation. *See Christ the King Manor v. Commonwealth, Dept. of Public Welfare*, 911 A.2d 624, 637 (Pa. Cmwlth. 2006) (holding "a violation of Article III, Section 4 is dependent upon a violation of Article III, Sections 1 or 3"), *aff'd*, 951 A.2d 255 (Pa. 2008); *Marcavage v. Rendell*, 888 A.2d 940, 947 (Pa. Cmwlth. 2005) (same); *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 121 (Pa. Cmwlth. 1998) ("In light of our determination that the enactment of Act 3 did not violate either Article III, Section 1 or Article III, Section 3 of the Pennsylvania Constitution, we also conclude that the General Assembly did not violate Article III, Sections 2 and 4 of the Pennsylvania Constitution."), *aff'd*, 757 A.2d 367 (Pa. 2000); *Pennsylvania AFL-CIO by George v. Commonwealth*, 683 A.2d 691, 694 n.4 (Pa. Cmwlth. 1996) (observing that a violation of Section 4 is "dependent on a finding of a violation of Article III, Section 1 or 3"); *but see Pennsylvania Ass'n of Rental Dealers v. Commonwealth*, 554 A.2d 998, 1002 n.2 (Pa. Cmwlth. 1989) ("Because of our resolution of PARD's claims under Section 2 and 4 of Article III, we need not address PARD's argument that Article III, Section 1 was violated.").

Nevertheless, I fully concur with my colleagues' analysis of Act 80 as failing the germaneness test, which the Majority observes is imported from and applicable to Section 3's requirement that the bill contain a single subject. Maj. Slip Op. at 23 n.33, 24 n.34. Accordingly, I would hold that Act 80 violates the single subject requirement of Section 3 for the reasons set forth by Majority Opinion in footnote 36 on page 28 and, thus, that it necessarily also violates Section 4's "three different days" requirement. Thus, I concur in the result of today's decision.